**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4358

DAVID LEROY HARRIS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-98-107-DKC)

Submitted: January 31, 2000

Decided: March 15, 2000

Before WILKINS and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Beth M. Farber, Chief Assis-
tant Federal Public Defender, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Ronald J. Tenpas, Assis-
tant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Leroy Harris appeals from his conviction of being a felon in possession of a firearm, § 18 U.S.C. § 922(g) (1994), for which he was sentenced to 210 months imprisonment. Harris claims that the district court erred by allowing the government to introduce the firearm into evidence without establishing a proper chain of custody. Harris did not object at trial; therefore, he has waived appellate review of this claim absent plain error. See Fed. R. Crim. P. 52; United States v. Olano, 507 U.S. 725 (1993).

At Harris' trial, Prince George's County Police Officer Paul Cancino testified that, late in the evening of May 30, 1997, he heard gunshots and observed muzzle flashes coming from a nearby park. Shortly thereafter, Cancino saw Harris emerge from the park, holding in his left hand something that he then threw into the nearby bushes. Cancino stated that, because he was close (25-30 feet away), and had his spotlight on Harris, he could see that the object thrown was a silver semi-automatic handgun. After backup units arrived, Cancino searched the area where he had seen Harris throw the weapon and found a Raven Arms, .25 caliber, semi-automatic silver handgun with a magazine. Cancino placed the weapon in his trunk and then went back to the area and found six .25 caliber spent shell casings.

Cancino then identified the weapon and the shell casings as those that he recovered on the night of Harris' arrest, and they were admitted into evidence without objection. A firearms expert testified that the handgun was functional and that the spent shell casings had been fired from it. The jury returned a guilty verdict.

Harris appeals, claiming--for the first time--that the firearms evidence was improperly admitted because the government failed to establish a sufficient chain of custody. We find no error in the district

2

court's admission of the weapon. The chain of custody rule, found in Fed. R. Evid. 901, provides that: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). Authentication or identification conforming with the requirements of Rule 901 is satisfied by the testimony of a witness with knowledge. See Fed. R. Evid. 901(b)(1). The "ultimate question is whether the authentication testimony was sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982). Indeed, "precision in developing the `chain of custody' is not an iron-clad requirement, and the fact of a `missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material aspect.'" Id. (internal quotation marks omitted). We find that the chain of custody for the gun was sufficiently established through the testimony of Officer Cancino.

Accordingly, we affirm Harris' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3